IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

MICHAEL J.G. SAUNDERS,      )
                                      )
       Petitioner,        )
                                        )
v.                              )        Civil Action No.  3:11cv705–HEH
                                        )
DIRECTOR, VIRGINIA        )
DEPARTMENT OF CORRECTIONS,  )
                                        )
       Respondent.      )

## MEMORANDUM OPINION
### (Dismissing Action)

Michael J.G. Saunders, a former Virginia prisoner proceeding *pro se*, submitted an action he titled, "Petition To Receive Copy of Record Without Cost" (hereinafter "Petition").  Saunders requests permission to proceed *in forma pauperis*.  Upon review of Saunders's submissions, Saunders's motions to proceed *in forma pauperis* will be granted.

In the Petition, Saunders requests that, pursuant to 28 U.S.C. § 2250, the Court enter an order directing that he be provided with a copy of the record in *"Commonwealth of Virginia v. Michael J.G. Saunders*, Case No. CR07C02318-01, 02 (Chesterfield, Virginia 2009) without cost." (Pet. 1.)[1]  Alternatively, Petitioner requests that the Court appoint counsel to assist him.

---

[1] Saunders has submitted a Motion for Reconsideration wherein he asks the Court to treat his Petition as a request for relief under 28 U.S.C. § 2250.  The Motion for Reconsideration will be granted.

The pertinent statute provides,

> If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending.

28 U.S.C. § 2250. "The matter of granting a motion to produce copies of documents under Section 2250, and if granted, what copies are to be furnished, is within the discretion of the court." *Mayes v. Arrelano*, No. 09–cv–01736–ZLW–KLM, 2011 WL 116850, at *1 (D. Colo. Jan. 13, 2011) (quoting *Cassidy v. United States*, 304 F. Supp. 864, 867–68 (E.D. Mo. 1969), *aff'd*, 428 F.2d 585 (8th Cir. 1970)). Generally, "the Court will order furnishment of documents to a petitioner only when he [or she] has provided 'a sufficient explanation of the need for the documents requested.'" *Id.* (quoting *United States v. Reed*, No. 88–468–01, 1989 WL 140493, at *1 (E.D. Pa. Nov. 17, 1989)); *see Bozeman v. United States*, 354 F. Supp. 1262, 1264 (E.D. Va. 1973) (requiring petitioner to demonstrate a particularized need for documents).

Here, the Court dismissed Saunders's petition for a writ of habeas corpus on March 2, 2012. *Saunders v. Clarke*, No. 3:11CV170, 2012 WL 689270, at *10 (E.D. Va. Mar. 2, 2012). The Court concluded that the statute of limitations barred that action. Saunders fails to tender any sufficient explanation as to why he needs a copy of his state court record. Furthermore, Saunders fails to demonstrate that the interests of justice

warrant the appointment of counsel.  Accordingly, Saunders's Petition and request for the
appointment of counsel will be denied.  The action will be dismissed.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: April 24, 2012
Richmond, Virginia

3